WO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | |
| ) | CR 05-2422 TUC DCB (GEE) |
| v. ) | |
| ) | **O R D E R** |
| Theodore Smith, ) | |
| Defendant, ) | |

After a full and independent review of the record, including the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.[1] The Defendant's Motion to Suppress/Motion to Dismiss Indictment (document 15) is denied.

<u>Motion to Suppress/Motion to Dismiss Indictment</u>

On November 23, 2005, Defendant was driving toward the Tohono O'odham Reservation on State Route 86 and was one mile outside the boundary of the reservation when Officer Shonk, an on-duty Tohono O'odham police officer saw him driving eleven miles over the speed limit. Officer Shonk stopped the Defendant, and the Defendant immediately exited his vehicle. Officer Shonk repeatedly ordered the Defendant to stay in the vehicle with the door closed, but Defendant refused to comply. Instead, he shut the door behind him and stood outside his vehicle. When Officer Shonk asked for his driver's license or other identification, the Defendant said he had none. During this exchange, Officer Shonk looked through the car

---

[1] Unless different from the Magistrate Judge's findings of fact, the Court relies on the citation of the record contained in the Report and Recommendation. The Court equally relies on the law as properly stated by the Magistrate Judge.

window on the driver's door and saw a suspicious bundle in the back seat.  He also smelled the odor of marijuana coming from within the car.  Officer Shonk opened the back door of the car and saw several more bundles that he identified as marijuana.  Officer Shonk placed Defendant under arrest.

"Officer Shonk was AZ POST certified in 1991 upon completion of a 13 week course at the Arizona Law Enforcement Training Academy (ALETA) [], and since that time has annually completed the eight (8) hours of continuing training required to maintain his AZ POST certification."  (R & R at 2.)

Defendant challenges the legality of the warrantless search and arrest because Officer Shonk was outside his jurisdiction and had no authority to stop or arrest the Defendant.

On September 19, 2006, the Honorable Glenda E. Edmonds, United States Magistrate Judge, signed a Report and Recommendation in this action.  She recommends that the Court deny the Defendant's Motion to Suppress/Motion to Dismiss the Indictment.  Specifically, Judge Edmonds recommends that the motion be denied because she found that the AZ POST certified officer had jurisdiction to make the stop and concluded that the officer's observations were sufficient to establish probable cause to search the vehicle.

Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to the Report and Recommendation.  Defendant filed objections.  The Government has responded.  Any objections that have not been raised are waived and will not be addressed by the Court.  *See* 28 U.S.C. § 636(b) (objections are waived if they are not filed within ten days of service of the Report and Recommendation).

Defense argues that the Magistrate Judge's Report and Recommendation regarding Officer Shonk's jurisdiction was erroneous as a matter of law.  Defendant argues that a warrantless arrest outside an officer's jurisdiction is analogous to a warrantless arrest without probable cause.  (D's Objection at 2 (citing *Ross v. Neff*, 905 F.2d 1349 (10th Cir. 1990)).  Defendant relies on cases which find that an arrest is *per se* unreasonable when an officer acts outside his or her jurisdiction because the resulting deprivation of liberty is just as unreasonable as an arrest without probable cause.  *United States v. Simon*, 368 F. Supp. 2d 73, (D.D.C. 2005).

The Defendant ignores another line of cases which find that a jurisdictional violation by a police officer is not, without more, necessarily a federal constitutional violation. *United States v. Mikulski*, 317 F.3d 1228, 1232 (10th Cir. 2003). These cases consider the fact that the arrest, search, or seizure may have violated state law as irrelevant as long as the standards developed under the federal Constitution were not offended. *Id.* (citing *United States v. Green*, 178 F.3d 1099, 1106 (10th Cir.) (finding that defendant's constitutional rights were protected because the search improperly conducted outside of the officer's jurisdiction was supported by a warrant). In *Mikulski*, the court distinguished *Neff* because it dealt with issues of tribal sovereignty and a state officer's ability to arrest Native Americans on tribal trust land. *See also*, *United States v. Baker*, 894 F.2d 1144, 1147 (10th Cir. 1990) (suppressing evidence because county district court exceeded its jurisdiction by issuing a search warrant for property on a tribal reservation.) Instead, the court in *Mikulski*, followed *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 527 (7th Cir. 2001), which like the case here involved the jurisdiction of officers acting between political subdivisions of the same state. *Id.* at 1232.

In either line of cases the Court looks at the state's statutory jurisdictional provisions for authorizing the challenged police conduct. *See eg., Neff*, 905 F.2d at 1352 (discussing jurisdiction of county police officer to make arrests on reservation within context of Oklahoma law and federal statutes); *Mikulski*, 317 F.3d at 1231 (looking to Utah law to establish jurisdictional authority of officers for one county to make arrests in another county). This is what Magistrate Judge Edmonds did, and she did so correctly. The case relied on by her, *State v. Nelson*, 90 P.3d 206 (Ariz. App. 2004), is controlling. As she noted:

> Relying on A.R.S. 13-3874(A), the court concluded, 'A law enforcement official employed by the governing body of an Indian tribe and certified by the AZ POST may conduct a brief stop and detention of a vehicle, in accordance with *Terry v. Ohio*. . . outside the reservation, while engaged in the scope of employment.' *Nelson* at 209. The defendant seeks to distinguish the present case by arguing that [Officer] Shonk never observed Smith driving on the reservation on November 23rd. However, given the breadth of the wording in the Arizona court's holding in *Nelson*, this court finds the defendant's argument unavailing.

(R & R at 6.)

This Court agrees with Magistrate Judge Edmonds. Officer Shonk had probable cause to stop the Defendant because he saw him speeding. After the stop, the Defendant got out of

his vehicle, refused to get back in his vehicle at the direction of Officer Shonk, acted nervous, Officer Shonk smelled raw marijuana, and from the driver's side window Officer Shonk could see a suspicious bundle in the back seat. This gave Officer Shonk probable cause to suspect that the Defendant was engaged in criminal activity involving drug trafficking. Opening the back door of the vehicle was well within the confines of *Terry*. This led to the exposure of several bundles of marijuana, which was more than enough support for the warrantless arrest of the Defendant.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, including the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss/ Motion to Suppress (document 15) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Glenda E. Edmonds for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice for the United States District Court, District of Arizona (Local Rules).

DATED this 17th day of October, 2006.

David C. Bury
United States District Judge